I shall die seised or possessed, I give, devise and bequeath absolutely and in fee simple to my beloved wife, Mary Wyman, her heirs and assigns, forever, with this proviso and exception, that in case she should remarry, then I direct my children to take legal proceedings and have her removed as executrix.
\* \* \*

"Fifth. After the death of my beloved wife, Mary Wyman, I request that my estate be closed up, should it be consistent so to do, and the proceeds to be divided share and share alike amongst my then living children."

The learned trial court held that under the said will the four children "are together seised and possessed of the remainder in fee of the real estate described in the complaint, as tenants in common, subject to the life estate of their mother, the defendant Mary Wyman, and subject to be divested by the death of any of the said remaindermen before the death of their mother, the said Mary Wyman," and "that the defendant Mary Wyman is seised of the life estate, for and during her natural life, of said real property," and dismissed the complaint as to the partition, and as to the construction of the will ordered judgment as found. We do not agree with this construction of the will. But it is unnecessary in this action to determine the precise estate given to the widow; for, whether she holds an estate in fee simple or a life estate, this action for partition cannot be maintained.

The judgment should therefore be modified, by striking out therefrom so much as construes the will, and, as so modified, affirmed, with costs to the executrix and the guardians ad litem, to be paid out of the estate. All concur.

(118 App. Div. 116)

In re WYMAN'S WILL.

(Supreme Court, Appellate Division, First Department.    March 8, 1907.)

Appeal from Surrogate's Court, New York County.

Judicial proceedings on the probate of the will of Isaac Wyman, deceased. Appeal from a decree of the Surrogate's Court refusing to revoke the probate of the will. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and SCOTT, JJ.

C. Elliot Miner, for appellant.

Leo Levy (C. Arthur Levy, on the brief), for respondent Mary Wyman.

Harry Mack, for respondent Lemuel Wyman.

Bernard S. Heller, for respondents Heilbron and Heilman.

CLARKE, J.  This is an appeal from the decree of the surrogate refusing to revoke the decree by which a paper alleged to be the last will and testament of Isaac Wyman had been admitted to probate upon consent. The issues in regard to the proper factum of the will and testamentary capacity are those involved in the case in the Supreme Court of Wyman v. Wyman, 103 N. Y. Supp. 64, in which the opinion was handed down herewith. The trial in the Surrogate's Court came on after the trial in the Supreme Court, and upon practically the same evidence the learned surrogate reached the same con-

clusion as that arrived at in the Supreme Court, namely, that the will had been duly executed, published, and declared, and that the decedent had testamentary capacity, and refused to revoke the decree admitting the instrument to probate heretofore made.

For the reasons stated in Wyman v. Wyman, 103 N. Y. Supp. 64, the decree of the surrogate was right, and should be affirmed, with costs against the appellant, Lorsch. All concur.

---

(118 App. Div. 94)

### HUNTER v. MUTUAL RESERVE LIFE INS. CO.

(Supreme Court, Appellate Division, First Department. March 8, 1907.)

INSURANCE—FOREIGN INSURANCE COMPANIES—SERVICE OF PROCESS AGAINST.

Where an insurance company foreign to North Carolina filed with the insurance commissioner of that state a stipulation for service of process against the company upon the commissioner, but thereafter attempted to revoke the designation and withdrew from business in the state, but before such attempted revocation a policy issued to a resident of South Carolina had been assigned to a resident of North Carolina, and the assignee, after the revocation, sued the company in a court of general jurisdiction of the state of North Carolina and obtained judgment, it was a valid judgment, enforceable against the company in the courts of New York, since it must be assumed that the assignee took the assignment relying on the faith of the company's designation, and his interest was such that as to him the designation was irrevocable.

Scott, J., dissenting.

Appeal from Appellate Term.

Action by Wilson R. Hunter against the Mutual Reserve Life Insurance Company. Appeal by plaintiff by permission (101 N. Y. Supp. 1126) from an order of the Appellate Term (99 N. Y. Supp. 888), reversing a judgment for plaintiff and against defendant, and dismissing plaintiff's complaint. Reversed.

Argued before PATTERSON, P. J., and LAUGHLIN, HOUGHTON, SCOTT, and LAMBERT, JJ.

Albert P. Massey, for appellant.
Gordon T. Hughes, for respondent.

HOUGHTON, J. This action was begun in the City Court of the City of New York and judgment was rendered in plaintiff's favor. An appeal was taken to the Appellate Term of the Supreme Court, where the judgment was reversed, and by permission the plaintiff has appealed to this court.

The action is upon a judgment obtained in a court of general jurisdiction of the state of North Carolina by one Carter against the defendant upon service of process upon the commissioner of insurance of that state. Such judgment was assigned to this plaintiff, who brings this action, asserting that it is conclusive upon the defendant. The position of defendant is that no jurisdiction was obtained over it by the North Carolina court by service of process in this manner. The validity and conclusiveness of North Carolina judgments against this defendant, obtained for the same cause and by sim-